UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**CRIMINAL ACTION NO. 06-33-JBC**

**UNITED STATES OF AMERICA,**                                          **PLAINTIFF,**

**V.**           **MEMORANDUM OPINION AND ORDER**

**CLETIS MERRILL ADAMS,**
**BRENDA CAROLE ADAMS,**
**GLORIA ANN WILLIAMS, and**
**RITA FAYE TIPTON,**                                         **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendants' motion to dismiss count I of the indictment. The court, having reviewed the record and being duly advised, will deny the motion.

The defendants are charged with several crimes, including conspiracy to defraud the United States in violation of 18 U.S.C. § 371.[1] There are two ways that this crime may be committed. First, under the "offense clause" of the statute, the perpetrators may conspire to commit a specific crime defined elsewhere in the United States Code. Second, under the "defraud clause," the perpetrators may

---

[1] 18 U.S.C. § 371 reads, in relevant part,

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.
> . . .

conspire to defraud the government, which includes interfering with or obstructing the lawful functions of a government agency. *United States v. Minarik*, 875 F.2d 1186, 1190 (6th Cir. 1989). If the object of the conspiracy is narrow or violates a specific statute, the government must charge the defendants under the "offense" clause of § 371. *United States v. Kraig*, 99 F.3d 1361, 1367 (6th Cir. 1996); *United States v. Sturman*, 951 F.2d 1466, 1473 (6th Cir. 1991) . However, where there is a wide-ranging conspiracy involving the violation of multiple statutes – such as a conspiracy to hide the amount and source of income from the IRS – the government may prosecute the perpetrators of that conspiracy under the "defraud" clause.  *United States v. Hurley*, 957 F.2d 1, 3-4 (1st Cir. 1991).

The defendants argue that this case is similar to, and therefore controlled by, *Minarik*. In *Minarik*, a case that the Sixth Circuit has repeatedly distinguished on its facts,[2] the defendants allegedly conspired to hide assets on which the IRS *may* have been entitled to levy. The narrow purpose of the conspiracy – preventing the IRS from levying on funds earned from the sale of a house – arose from a single event and was prohibited by a single statute. Moreover, a bill of particulars offered two separate and competing theories as to the defendants' criminal liability, one of which could not have been predicted from the indictment.[3] These shifting theories

---

[2] *See Kraig*, 99 F.3d at 1366-68; *Sturman*, 951 F.2d at 1472-1474; *United States v. Mohney*, 949 F.2d 899 (6th Cir. 1991). *See also Hurley*, 957 F.2d at 3-4*; United States v. Notch*, 939 F.2d 895 (10th Cir. 1991).

[3] The first theory, that the defendants conspired to avoid the reporting requirement of the Bank Secrecy Act, was abandoned in the middle of the trial. The second theory, tax evasion, could not have been predicted from the indictment.

"created great confusion about the conduct claimed to be illegal," making it impossible for the defendants to understand the charges against them or to prepare a defense. *Minarik*, 875 F.2d at 1196.

In this case, the alleged conspiracy goes beyond filing a false tax return. Rather, according to count I of the indictment, the defendants allegedly engaged in a wide-ranging conspiracy to steal money from charity and to hide that money from the taxing authority. This allegation suggests the violation of several statutes, not just, as the defendants argue, 26 U.S.C. § 7201. *See, e.g., Mohney*, 949 F2d. at 904-05. Moreover, the government has clearly articulated its theory of the crime such that the defendants can respond to the charges against them. Because the criminal activity as alleged is properly chargeable under the defraud clause,

**IT IS ORDERED** that the defendants' motion to dismiss (DE 44) is **DENIED**.

Signed on July 18, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

3